# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

05 ~~~~~ GAO Civil Action No. _____

| | |
|---|---|
| PATRICIA COSGROVE,<br>              Plaintiff,<br><br>v.<br><br>NEW SEABURY RESOURCES<br>   MANAGEMENT, INC.,<br><br>              Defendant. | MAGISTRATE JUDGE_____<br><br>**JURY DEMANDED**<br><br>RECEIPT #_____<br>AMOUNT $_____<br>SUMMONS ISSUED_____<br>LOCAL RULE 4.1_____<br>WAIVER FORM_____<br>MCF ISSUED_____<br>BY DPTY. CLK._____<br>DATE_____ |

## COMPLAINT

### I. INTRODUCTION

This is an action for unlawful sex and pregnancy discrimination, and retaliation and a violation of the Family and Medical Leave Act ("FMLA"). As set forth below, Plaintiff Patricia Cosgrove worked for four years as Sales Manager for defendant New Seabury Resources Management, Inc. During her employment, Plaintiff's performance was excellent. However, shortly after announcing she was pregnant, Plaintiff was told by her employer that she would be demoted to an administrative assistant position. Defendant demoted Plaintiff while she was out on maternity leave, and then retaliated against her after she complained the demotion was discriminatory by terminating her almost immediately upon her return from maternity leave. Plaintiff now seeks lost wages and benefits, emotional distress damages, punitive damages, attorneys' fees, and costs, all as provided for by law.

## II. PARTIES

1. Plaintiff Patricia Cosgrove is an adult resident of East Falmouth, Massachusetts.

2. Defendant New Seabury Resources Management, Inc. is a business incorporated in Delaware with offices in Mashpee, Massachusetts.

3. On information and belief, Defendant has at least 50 employees.

## III. STATEMENT OF FACTS

4. Plaintiff Patricia Cosgrove ("Cosgrove") was hired as an Account Executive by defendant in April 1999. Within two months, she was promoted to the position of Sales Manager.

5. During her employment there, Plaintiff's work performance was excellent.

6. In February, 2003, Cosgrove informed her general manager, Steven Brennan ("Brennan"), that she was pregnant.

7. When Cosgrove informed Brennan that she planned to return to work after her maternity leave, one of his comments in response was to the effect of "unless you're like my wife, in which case you'll never come back."

8. On April 28, 2003, Brennan told Cosgrove that her position of sales manager was being eliminated as of the following week, and informed Cosgrove that she was being demoted to an administrative assistant position.

9. The demotion reduced Cosgrove's salary by 30%, diminished her responsibilities, and required her to work weekends.

10. On May 2, 2003, Cosgrove complained in writing to Brennan that the demotion was pregnancy discrimination, and informed him that she planned to file a complaint with the Massachusetts Commission Against Discrimination.

11. Cosgrove also stated in her letter that she would accept the demotion if it was the only way she could stay employed, and that she intended to return to work at New Seabury after her maternity leave.

12. Shortly after she was demoted, Cosgrove left work on a medical leave as recommended by her physician, due to complications with her pregnancy.

13. Cosgrove returned to work on the exact day her twelve-week maternity leave elapsed, October 7, 2003.

14. When she returned to work, Brennan told her that she had no job, not even the administrative assistant position to which she had been demoted.

15. Cosgrove insisted that Brennan give her the job that defendant had demoted her to prior to her maternity leave.

16. Cosgrove was then given the option of being unemployed, or working in defendant's warehouse scanning documents.

17. Cosgrove immediately reported to the warehouse to begin scanning documents. The warehouse was cold and unheated, and Cosgrove was required to work in isolation all day.

18. Cosgrove was never given the job of administrative assistant after she returned from maternity leave.

19. Cosgrove, through her attorney, wrote to Brennan and New Seabury, and included a copy of the Charge of Discrimination she intended to file at the Massachusetts Commission Against Discrimination. Shortly thereafter, Cosgrove sent an e-mail to Brennan, asking him to be moved from the warehouse to a vacant office in defendant's regular facility, and stating that she did not believe that scanning files in the warehouse was part of the administrative assistant's job.

20. Immediately thereafter, Brennan terminated Cosgrove.

21. As a result of Defendants' conduct, Plaintiff has suffered emotional distress, as well as a loss of back pay, front pay, benefits, and other damages as set forth herein.

22. On information and belief, other pregnant employees at Defendant have also had their positions eliminated shortly after they announced they were pregnant.

## IV.   **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

23. Pursuant to state and federal requirements, Plaintiff filed her discrimination and retaliation claims at the Massachusetts Commission Against Discrimination ("MCAD") and received a right-to-sue letter prior to filing this lawsuit.

## COUNT I

### SEX AND PREGNANCY DISCRIMINATION

Defendant's conduct, as set forth above, constitutes unlawful sex and pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and Mass. Gen. L. c. 151B § 4(1).

## COUNT II

### RETALIATION

Defendant's conduct, as set forth above, constitutes unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and Mass. Gen. L. c. 151B § 4(4).

## COUNT III

### FAMILY AND MEDICAL LEAVE ACT

Defendant's conduct, as set forth above, constitutes a violation of the Family and Medical Leave Act, 29 U.S.C. § 2614.

## JURY DEMAND

Plaintiff requests a trial by jury on all of her claims.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1. Reinstatement

2. Back pay

3. Lost benefits

4. Front pay

5. Emotional distress damages

6. Punitive damages

7. Attorneys' fees and costs

8. Any other relief to which Plaintiff may be entitled.

Respectfully submitted,

PATRICIA COSGROVE,
By her attorneys,

_____
Shannon Liss-Riordan, BBO #640716
M. Amy Carlin BBO #638446
PYLE, ROME, LICHTEN, EHRENBERG
   & LISS-RIORDAN, P.C.
18 Tremont Street, 5th Floor
Boston, MA 02108
(617) 367-7200

Dated: April 20, 2005

6

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) <u>Patricia Cosgrove v. New Seabury Resources Management, Inc.</u>

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   _X_ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                                   YES     (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
                                                                   YES     (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                                   YES      NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
                                                                   YES     (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                                   (YES)    NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

      (EASTERN DIVISION)      CENTRAL DIVISION      WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

      EASTERN DIVISION        CENTRAL DIVISION      WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME <u>M. Amy Carlin and Shannon Liss-Riordan at Pyle, Rome, Lichten, Ehrenberg</u>
ADDRESS <u>18 Tremont St., Suite 500, Boston MA 02108         & Liss-Riordan, P.C.</u>
TELEPHONE NO. <u>(617) 367-7200</u>

(Cover sheet local.wpd - 11/27/00)

JS 44 (Rev. 3/99) **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Patricia Cosgrove

### DEFENDANTS
New Seabury Resources Management, Inc.

(b) County of Residence of First Listed Plaintiff **Barnstable**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
M. Amy Carlin at Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, P.C.
18 Tremont St, Ste 500, Boston MA 02108
(617) 367-7200

Attorneys (If Known)
Howard Wilgorn, Esq.

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIW C/DIW W (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. Section 2000e et seq. This is an action for unlawful sex and pregnancy discrimination, 29 U.S.C. Section 2614 and for retaliation and a ciolation of Family Medical Act against Plaintiff's former employer.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 250,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE 4/20/05   SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____