UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * *****
PATRICIA COSGROVE                *
                                 *
            Plaintiff            *
                                 *
v.                               *    CIVIL ACTION NO. 05-10791- GAO
                                 *
NEW SEABURY RESOURCES            *
MANAGEMENT, INC.,                *
                                 *
            Defendant.           *
                                 *
* * * * * * * * * * * * * * * * * * * * * * *****
```

### ANSWER OF DEFENDANT NEW SEABURY RESOURCES MANAGEMENT, INC., TO THE COMPLAINT

Now comes NEW SEABURY RESOURCES MANAGEMENT, INC., Defendant in the captioned matter, by its undersigned attorney, and submits its answer to the Complaint as follows:

### 1.  INTRODUCTION

The Introduction to the Complaint merely characterizes Plaintiff's causes of action and, therefore, no response is required. To the extent that there exist any factual allegations in the Introduction, however, Defendant denies the same.

### II.  PARTIES

1. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and therefore denies the same.

1

2.	Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3.	Defendant admits the allegations contained in Paragraph 3 of the Complaint.

### III.	STATEMENT OF FACTS

4.	Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and therefore denies same.

5.	Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6.	Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7.	Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.	Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.	Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.	Defendant denies the allegations contained in Paragraph 10 of the Complaint.  To the extent that the allegations contained in Paragraph 10 of the Complaint rely on a writing Defendant states that the writing, if any speaks for itself.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint. To the extent that the allegations contained in Paragraph 11 of the Complain rely on a writing Defendant states that the writing, if any speaks for itself.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint. To the extent that the allegations contained in Paragraph 19 of the Complain rely on a writing Defendant states that the writing, if any speaks for itself.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

### IV.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

### COUNT I
### SEX AND PREGNANCY DISCRIMINATION

Count One of the Complaint merely states a legal claim and, therefore, no response is required.  To the extent that there exist any factual allegations in Count One, however, Defendant denies the same.

### COUNT II
### RETALIATION

Count Two of the Complaint merely states a legal claim and, therefore, no response is required.  To the extent that there exist any factual allegations in Count Two, however, Defendant denies the same.

### COUNT III
### FAMILY AND MEDICAL LEAVE ACT

Count Three of the Complaint merely states a legal claim and, therefore, no response is required.  To the extent that there exist any factual allegations in Count Three, however, Defendant denies the same.

## AFFIRMATIVE DEFENSES

First Affirmative Defense

Plaintiff has failed to state a claim upon which relief may be granted

Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitation.

Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

Fourth Affirmative Defense

The Court lacks jurisdiction over Count One and or Count Two insofar as the they are based on facts, events, or allegations that are beyond the scope of any Complaint or charge of discrimination filed by Plaintiff with the Massachusetts Commission Against Discrimination and/or the Equal Employment Opportunity Commission.

Fifth Affirmative Defense

Plaintiff's claims for employment discrimination in violation of M.G.L. C. 151B and/or Title VII of the Civil Rights Act of 1964, as amended are barred and the Court lacks jurisdiction over this cause of action, insofar as the Plaintiff has failed to satisfy any or all of the prerequisites for maintaining an action under either or both of these statutes.

Sixth Affirmative Defense

Plaintiff's claims are barred in whole or in part, by the doctrine of waiver and/or estoppel.

Seventh Affirmative Defense

The Plaintiff is not entitled to recover back pay, front pay, lost benefits damages for emotional distress, or other damages insofar as she has failed to mitigate her damages.

.Eighth Affirmative Defense

Defendant laid off Plaintiff and took other employment related actions for good cause and/or for legitimate, non - discriminatory reasons.

Ninth Affirmative Defense

All acts that Defendant took with regard to Plaintiff's employment were justified as to motive, purpose and means.

Tenth Affirmative Defense

Defendant reserves the right to raise additional affirmative defenses.

WHEREFORE, Defendant New Seabury Resources Management, Inc., request that this Court enter an order:

1. Dismissing each count of the Complaint with prejudice;

2. Entering judgment on behalf of Defendant and against Plaintiff with prejudice on each count of the Complaint;

3. Awarding Defendant attorneys' fees, costs and expenses incurred in obtaining such dismissals/judgment; and

4. Granting Defendant such other relief as this Court deems just and appropriate.

Respectfully submitted,
New Seabury Resources
Management, Inc.,
By its attorney,

s/ Howard I. Wilgoren
HOWARD I. WILGOREN.
6 Beacon Street Suite 700
Boston, MA 02108
(617) 523 - 5233
BBO No.  527840

DATED: June 24, 2005

CERTIFICATE OF SERVICE

I, hereby certify that on this 23rd day of June 2005, I caused a copy of the foregoing document was served on the Plaintiff by mailing a copy of same by first class mail, to her Attorney, Shannon Liss – Riordan, 18 Tremont Street, 5th Floor, Boston, MA 02108

s/ Howard I. Wilgoren
Howard I. Wilgoren