Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICIA COSGROVE, PLAINTIFF | SUBPOENA IN A CIVIL CASE |
| V. | Civil Action No. 05-10791-GAO |
| NEW SEABURY RESOURCES MANAGEMENT, INC., DEFENDANT] | |

TO:      AG EDWARDS
         1 North Jefferson
         St. Louis, MO 63103

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

PLACE OF DEPOSITION   LAW OFFICE OF HOWARD I. WILGOREN   6 Beacon Street, Suite 700, Boston, MA 02108

DATE AND TIME   April 28, 2006 2:00 P.M.

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents pertaining to accounts held in whole or in part by Patricia Cosgrove (SSN 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) from October 31, 2003 to the present including but not limited to any and all statements for each such account.

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) DATE 03/38/06 |
|---|

*[Signature]*   Attorney for the Defendant

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER  Howard I. Wilgoren, LAW OFFICE OF HOWARD I. WILGOREN, 6 Beacon Street, Suite 700, Boston, MA 02108   617 523 - 5233

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

1 If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                             DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the m m m demanding party to contest the claim.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
PATRICIA COSGROVE,                  )
                   Plaintiff,       )
                                    )
         v.                         )
                                    )
NEW SEABURY RESOURCES               )      **Civil Action No.**
         MANAGEMENT, INC.,          )      **1:05-cv-10791-GAO**
                                    )
                   Defendant.       )
_____ )

### PLAINTIFF'S MOTION AND MEMORANDUM TO QUASH DEFENDANT'S SUBPOENA TO A.G. EDWARDS

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Plaintiff Patricia Cosgrove hereby moves to quash the subpoena issued by Defendant New Seabury Resources Management, Inc. to A.G. Edwards, seeking information about Cosgrove's investment accounts with A.G. Edwards.  This case concerns Cosgrove's claims that, after learning that she was pregnant, New Seabury demoted and then terminated her in violation of federal and state pregnancy discrimination laws and the Family and Medical Leave Act.  New Seabury's subpoena is outside the scope of discovery because information about Cosgrove's investments has no relevance to this action.  Accordingly, Plaintiff asks that the Court quash the subpoena.

### BACKGROUND

Plaintiff Patricia Cosgrove began working as an Account Executive for New Seabury in 1999 and was promoted to Sales Manager within a few months. Compl. ¶ 4.  In February 2003, Cosgrove informed the general manager at New

Seabury that she was pregnant. Compl. ¶ 6. Approximately two months later, the general manager informed Cosgrove that she was demoted from Sales Manager to an administrative assistant position in the Catering Sales Department at New Seabury. Compl. ¶ 8.

Cosgrove accepted the demotion but informed the general manager that she believed it to be pregnancy discrimination and that she planned to file a complaint with the Massachusetts Commission Against Discrimination. Compl. ¶ 10. When Cosgrove returned from her maternity leave, she was not given the administrative assistant job that she had accepted but was placed in an unheated and isolated warehouse, where she was required to scan documents all day. Compl. ¶¶ 16-18. Cosgrove, through her attorney, then wrote a letter to the general manager and included a copy of the Charge of Discrimination she intended to file at the Massachusetts Commission Against Discrimination. Compl. ¶ 19. She was terminated immediately. Compl. ¶ 20.

In her complaint, Cosgrove alleges pregnancy discrimination and retaliation in violation of the Civil Rights Act and Massachusetts antidiscrimination laws as well as a violation of the Family and Medical Leave Act. Compl. at 5. She seeks reinstatement, back pay and lost benefits, front pay, as well as emotional distress damages, punitive damages, and attorneys' fees and costs. Compl. at 6.

The parties have engaged in extensive discovery in this matter, including exchanging initial disclosures and responses to interrogatories and requests for document production and conducting numerous depositions. Pursuant to the

Joint Statement filed by the parties, discovery closes in this matter on Friday, April 28, 2006. Defendant New Seabury has issued a subpoena to A.G. Edwards, requiring A.G. Edwards to produce "[a]ll documents pertaining to accounts held in whole or in part by Patricia Cosgrove . . . from October 31, 2003 to the present including but not limited to any and all statements for each such account." Exhibit A. The subpoena commands that A.G. Edwards produce these documents at Defendant's attorney's office in Boston, Massachusetts, on April 28, 2006, at 2:00 p.m. *Id.*

## ARGUMENT

I. **THE INFORMATION SOUGHT IN THE SUBPOENA TO A.G. EDWARDS IS NOT DISCOVERABLE, AS IT HAS NO RELEVANCE TO THE SUBJECT MATTER OF THIS CASE.**

Pursuant to Rule 26, discovery is limited to "any matter, not privileged, that is relevant to the claim or defense of any party. . ." Fed. R. Civ. P. 26(b)(1). The only issue in this case is New Seabury's motivation for demoting and then terminating Cosgrove. Information in Cosgrove's investment accounts with A.G. Edwards has absolutely no bearing on this issue.

Moreover, to the extent that New Seabury seeks Cosgrove's investment information in connection with the issue of damages, once again it is far outside the scope of relevant information. It is well settled that an award of front pay in an employment discrimination case "must take into account an employee's duty to mitigate damages by seeking other employment." *Cummings v. Standard Register Co.*, 265 F.3d 56, 66 (1st Cir. 2001). Accordingly, New Seabury is

entitled to seek—and indeed has sought and obtained—discovery on Cosgrove's *subsequent employment* after her termination from New Seabury.

However, equally well settled is the collateral source rule, which provides that "benefits received by the plaintiff from a source collateral to the defendant may not be used to reduce that defendant's liability for damages." *Lussier v. Runyon*, 50 F.3d 1103, 1107 (1st Cir. 1995). Moreover, "[u]nder the evidentiary strand of the collateral source rule, '[e]vidence of collateral benefits offered to show that an employee has already received compensation for his injuries is generally inadmissible.'" *England v. Reinauer Transp. Companies, L.P.*, 194 F.3d 265, 273 (1st Cir. 1999) (quoting *Torres v. Johnson Lines*, 932 F.2d 748, 752 (9th Cir. 1991)).

The only basis on which New Seabury could be seeking Cosgrove's investment account information from A.G. Edwards is because it demonstrates other non-employment income that Cosgrove may have received since her termination from New Seabury. Such information cannot be used to reduce New Seabury's liability at trial, and it is not admissible in connection with Cosgrove's damages from her termination from New Seabury. As such, it is not within the scope of discoverable information under Federal Rule 26(b).

Moreover, the subpoena is also inappropriate because it is unreasonably cumulative, it is unduly burdensome, and it implicates privacy concerns. Fed. R. Civ. P. 26(b). A plaintiff should not be required to expose herself to inquiry about every aspect of her life simply because she files an action in federal court. Through written discovery and deposition, New Seabury's counsel has already

4

obtained extensive information about Cosgrove's income after her termination from New Seabury.  In this way, New Seabury has already received all discovery that is in any way relevant to damages in this case, and it is unnecessarily intrusive—as well as irrelevant—for New Seabury to go to the extreme measure of seeking the records of Cosgrove's financial investments with A.G. Edwards.

Because it seeks irrelevant private information about Cosgrove's investments and is burdensome and overbroad, the subpoena to A.G. Edwards must be quashed.

## II. THE SUBPOENA TO A.G. EDWARDS IS PROCEDURALLY DEFECTIVE AND MUST BE QUASHED ON THAT BASIS AS WELL.

Rule 45 of the Federal Rules of Civil Procedure *requires* the Court to quash a subpoena if it "requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person."  Fed. R. Civ. P. 45(c)(3)(A)(ii).  A.G. Edwards is located in St. Louis, Missouri, and the subpoena commands it to produce documents in Boston, Massachusetts, more than one thousand miles away.  Exhibit A.  The subpoena is therefore defective under Rule 45 and must be quashed on that basis alone.

## CONCLUSION

This is a discrimination and retaliation case arising out of New Seabury's demotion and then termination of Cosgrove in 2003.  The only substantive issue is what motivated New Seabury to take these adverse employment actions against Cosgrove.  The only issue relating to damages is whether Cosgrove mitigated her damages by seeking subsequent employment.  Cosgrove's

investment information is not relevant to either of these issues. Accordingly, Plaintiff respectfully requests that the Court quash the subpoena issued to A.G. Edwards in this case.

Respectfully submitted,

PATRICIA COSGROVE,
By her attorneys,

__s/Shannon Liss-Riordan_____
Shannon Liss-Riordan, BBO #640716
Hillary Schwab, admitted *pro hac vice*
PYLE, ROME, LICHTEN, EHRENBERG
   & LISS-RIORDAN, P.C.
18 Tremont Street, 5th Floor
Boston, MA 02108
(617) 367-7200

Dated: April 24, 2006

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1, I certify that Attorney Hillary Schwab in my office conferred with counsel for Defendant regarding the subject of this motion and that we were unable to narrow or resolve the issues raised in the motion.

__s/Shannon Liss-Riordan_____
Shannon Liss-Riordan, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2006, I caused a copy of this document to be served by electronic filing on Howard I. Wilgoren, 6 Beacon Street, Suite 700, Boston, MA 02108, counsel for the defendant.

__s/Shannon Liss-Riordan_____
Shannon Liss-Riordan, Esq.