UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*\*\*

**PATRICIA COSGROVE**           \*
                                \*
      **Plaintiff**           \*
                                \*
                                \*
v.                              \*     CIVIL ACTION NO. 05-10791- GAO
                                \*
**NEW SEABURY RESOURCES**       \*
**MANAGEMENT, INC.,**           \*
                                \*
      **Defendant**          \*
                                \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*\*\*

**DEFENDANT NEW SEABURY RESOURCES MANAGEMENT INC.'S
MEMORANDUM IN SUPPORT OF
<u>ITS MOTION TO COMPEL PRODUCTION OF DOCUMENTS</u>**

    This memorandum is submitted by New Seabury Resources Management Inc., ("NSRM" or "Defendant") defendant in the above entitled action in support of its motion for an order compelling the Plaintiff Patricia Cosgrove ("Cosgrove" or "Plaintiff") to produce her 2005 federal and state income tax returns[1] and all documentation relating to her receipt of unemployment compensation benefits received from October 31, 2003 to the present time and continuing.

**I.    BACKGROUND FACTS**

    Plaintiff Patricia Cosgrove brings this action against the Defendant New Seabury Resources Management Inc., for "unlawful sex and pregnancy discrimination, and retaliation and a violation of the Family and Medical Leave Act (FMLA" (Complaint

---

[1] The request for income tax returns is continuing in nature and any such order should include the requirement that income tax returns should be provided for the duration of the back pay period.

Introduction). In her complaint Plaintiff seeks back pay and front pay. (Complaint Prayer for Relief).

NSRM denies that it engaged in the conduct alleged in the complaint. In its Answer NSRM raised an affirmative defense claim that, "The Plaintiff is not entitled to recover back pay, front pay, lost benefits damages for emotional distress, or other damages insofar as she has failed to mitigate her damages. (See: Answer Seventh Affirmative Defense).

During the course of discovery NSRM sought documents evidencing Plaintiff's efforts to mitigate her damages and documents evidencing income received by Plaintiff during the back pay period. Among such documents requested in Defendant's First Request for Production of Documents (Attached hereto as "Exhibit 1") were,

> **REQUEST FOR PRODUCTION NO. 6**
>
> All documents and financial records concerning any income, including **unemployment compensation benefits**, worker's compensation benefits, social security benefits, all other forms of earned and unearned income and income records from employment or self-employment from January 1, 2002 to the present, including, but not limited to, all W-2 forms, 1099 forms and **state and federal income tax returns**.

(emphasis supplied)>

In her response Plaintiff objected *inter alia* to the production of documents pertaining to her receipt of unemployment compensation benefits and state and federal income tax returns on the ground that such information "is not relevant to the issue of damages and not calculated to lead to the discovery of admissible evidence, and the request for such information is overly broad."

2

On January 9, 2006 the undersigned wrote Plaintiff's Counsel in an attempt to establish the relevancy of the requested documents. (Attached hereto as "Exhibit 2").

By letter dated January 11, 2006 Plaintiff's Counsel replied that "It is Plaintiff's position that her state and federal tax returns are confidential and protected from disclosure."  With respect to the documents pertaining to Plaintiff's receipt of unemployment benefits her counsel wrote, "As for unemployment benefits, Plaintiff asserts that such benefits are not appropriately deducted from back pay awards as well as being subject to a statutory privilege against disclosure. (Attached hereto as "Exhibit 3").

By letter dated January 13, 2006 Plaintiff's Counsel provided Plaintiff's tax returns for 2002 through 2004 inclusive.  (Attached hereto as "Exhibit 4").

On  April 7, 2006 Counsel for NSRM wrote Plaintiff's Counsel seeking a copy of Plaintiff's 2005 federal and state income tax returns and documents evidencing receipt of unemployment compensation benefits from 2003 to the present time. (Attached hereto as "Exhibit 5").

On April 25, 2006 Plaintiff's counsel replied to   Counsel for NSRM's April 7, 2006 letter. In that letter Plaintiff's counsel stated that information pertaining to unemployment benefits and other information on tax returns is irrelevant and therefore this information would not be provided. (Attached hereto as "Exhibit 6")[2].

**II.   ARGUMENT**

In any case alleging employment discrimination "the plaintiff has the initial burden of proving the defendant owes him back pay." … Once the gross amount of

---

[2] In a telephone conference pursuant to Local Rule 7.1 Plaintiff's counsel did agree to provide information pertaining to social security benefits received by the Plaintiff during the back pay period.

back pay owed plaintiff has been determined, the burden shifts to the defendant to prove what should be deducted therefrom as 'interim earnings or amounts earnable with reasonable diligence.' " Denton v. Boilermakers Local 29, 673 F. Supp 37, 41 (D. Mass 1987). 42 U.S.C. §2000e – 5(g).

Defendant is entitled to the Plaintiff's state and federal income tax returns. These documents are the best evidence of what should be deducted from any potential back pay determination as interim earnings.[3]  In Denton, *supra*, at 48 Judge Wolfe concluded that "tax returns may be used to determine interim earnings."

The tax returns also are relevant to show other sources of income received by the Plaintiff. During the course of her deposition Plaintiff testified she received $50,000 to $60,000 in income during 2005 from a benefit that was organized in her husband's memory. Plaintiff testified that she received this money unencumbered and it is available to use to support herself and her daughter. (See Transcript of Plaintiff's Deposition pp 278 -280 attached hereto as Exhibit 7)  This income is highly relevant as both an offset to any potential back pay award, as well as on the issue of whether or not Plaintiff sought interim employment. In this regard Plaintiff testified that during the entire course of the potential back pay period from October 31, 2003 when she was laid off by NSRM to the time of her deposition on January 16, 2006 she did not apply for a single position other than one job she held from December 2003 through May 2004. The availability of the $50,000 to $60,000 in income she received in 2005 is highly probative

---

[3] Plaintiff contends that providing W-2 forms is sufficient. (See Exhibit 6) However, w-2 forms only establish what the Plaintiff earned with a particular employer. The tax returns show all earnings received by the Plaintiff from all sources all of which is relevant to determining interim earnings to be used as an offset.

4

on the issue of the Plaintiff's failure to seek substantially similar employment. (See Transcript of Plaintiff's Deposition pp 259 – 260 attached hereto as Exhibit 7)

Evidence of unemployment compensation payments received by the Plaintiff is highly relevant as an offset to any potential back pay award. "The back pay award is not punitive in nature but equitable designed to restore the recipients to their rightful economic status absent the effects of the unlawful discrimination." Robinson v. Lorillard Corp., 444 F. 2d 791 at 802 (4th Cir. 1971 pet for cert. dismissed 404 U.S. 1006 (1971) Failure to offset the unemployment compensation benefits received by the Plaintiff will result in providing her with double recovery for her claim of unlawful termination. Thurber v. Jack Reilly's Inc., 521 F.2d 238, 242-243 (D. Mass 1981), affd. (CA1 Mass) 717 F2d 633, 32 BNA FEP Cas 1511, 32 CCH EPD ¶33810, cert den 466 US 904, 80 L Ed 2d 153, 104 S Ct 1678, 34 BNA FEP Cas 544, 33 CCH EPD ¶34228; see also Sherman v. Al/Focs, Inc., 113 F.Supp. 65, 76 (D. Mass. 2000).

**REMAINDER OF THE PAGE IS INTENTIONALLY BLANK**

Accordingly, it is respectfully submitted that NSRM's motion to compel be granted and the Court issue an order requiring the Plaintiff to produce her 2005 state and federal income tax returns and later tax returns as they become available, and all evidence of unemployment compensation benefits received from October 31, 2003 to the present time.

Respectfully submitted,
New Seabury Resources
Management, Inc.,
By its attorney,

s/ Howard I. Wilgoren
HOWARD I. WILGOREN.
6 Beacon Street Suite 700
Boston, MA 02108
(617) 523 - 5233
BBO No. 527840

DATED: April 28, 2006

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1 I certify that on April 28, 2006 I conferred with counsel for the Plaintiff regarding the subject of this motion and that I was unable to narrow or resolve the issues raised in the motion.

s/ Howard I. Wilgoren
Howard I. Wilgoren

## CERTIFICATE OF SERVICE

I, hereby certify that on this 28th day of April 2006, I caused a copy of the foregoing document was served on the Plaintiff electronic filing on to her Attorneys, Shannon Liss – Riordan, and Hillary Schwab, 18 Tremont Street, 5th Floor, Boston, MA 02108

s/ Howard I. Wilgoren
Howard I. Wilgoren

7

Case 1:05-cv-10791-GAO    Document 15    Filed 04/28/2006    Page 7 of 7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*\*\*

| | |
|---|---|
| **PATRICIA COSGROVE** | \* |
| | \* |
| **Plaintiff** | \* |
| | \* |
| v. | \*   CIVIL ACTION NO. 05-10791- GAO |
| | \* |
| **NEW SEABURY RESOURCES** | \* |
| **MANAGEMENT, INC.,** | \* |
| | \* |
| **Defendant.** | \* |
| | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*\*\*

**DEFENDANT NEW SEABURY RESOURCES MANAGEMENT, INC.,
FIRST REQUEST FOR PRODUCTION OF
<u>DOCUMENTS TO PLAINTIFF PATRICIA COSGROVE</u>**

Defendant New Seabury Resources Management, Inc., pursuant to Fed. Rule Civ. Procedure Rule 34 hereby requests the plaintiff to produce, for inspection or copying at the offices of Howard I. Wilgoren, 6 Beacon Street, Suite 700, Boston, Massachusetts, attorney for the defendant, within 30 days of service thereof:  the documents more fully described herein.

<u>Instructions for Answering</u>

1.  Production can be accomplished by mailing the documents within the rule time to the undersigned trial attorney.

2.   The documents requested for production include those in the possession, custody, or control of plaintiff, its agents, representatives, and attorneys.

3.   Unless otherwise indicated, these requests refer to the time, place, and circumstances of the occurrences described in the complaint.

.         4. The term "document(s)" refers to all writings of any kind, including the originals and all non identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including without limitation, correspondence; memoranda; notes; diaries; statistics; letters; materials; orders; directives; interviews; telegrams; minutes; reports; studies; statements; transcripts; summaries; pamphlets; books; interoffice and intra office communications; electronic mail communications, notations of any sort of conversations, telephone calls, meetings or other communications; bulletins; printed matter; teletype; telefax; worksheet; and all drafts; alterations, modifications, changes and amendments of any of the foregoing; graphic or aural recordings or representations of any kind, including without limitations, photographs, charts, graphs, microfilm, videotapes, records, motion pictures; and electronic, mechanical, or electrical recordings or representations of any kind, including without limitations, tapes, cassettes, cartridges, discs, chips and records. Copies, if authenticated, of the original documents may be supplied in response.

    6.    Each request should be responded to separately; however, a document which is the response to more than one request may, if the relevant portion is so marked or indexed, be produced and referred to in later response.

    7. Each request refers to all documents that are either known by plaintiff to exist or that can be located or discovered by reasonably diligent efforts by plaintiff.

8.  Please note that plaintiff is under a continuing duty, pursuant to Federal R. of Civ. P 26(e), to seasonably supplement the production with documents obtained subsequent to the preparation and filing of a response to each request.

## DOCUMENTS REQUESTED

**REQUEST FOR PRODUCTION NO 1.**

All statements and memos relating to witnesses or potential witnesses or persons contacted in connection with this case.

**REQUEST FOR PRODUCTION NO. 2**

All documents, which the Plaintiff contends, support the claim asserted in her Charge of Discrimination filed with the Massachusetts Commission Against Discrimination.

**REQUEST FOR PRODUCTION NO. 3**

Each and every document that the defendant's' First Set of Interrogatories asks you to identify.

**REQUEST FOR PRODUCTION NO. 4**

All documents related to or concerning your employment with defendant.

**REQUEST FOR PRODUCTION NO. 5**

All documents concerning the terms, conditions, benefits and job description or duties of any employment, self-employment or attempts to find employment or self-employment from the commencement of your employment with New Seabury Resources Management, Inc. to the

present.

**REQUEST FOR PRODUCTION NO. 6**

All documents and financial records concerning any income, including unemployment compensation benefits, worker's compensation benefits, social security benefits, all other forms of earned and unearned income and income records from employment or self-employment from January 1, 2002 to the present, including, but not limited to, all W-2 forms, 1099 forms and state and federal income tax returns.

**REQUEST FOR PRODUCTION NO. 7**

All documents upon which you rely to establish any damages allegedly suffered in connection with your employment with Defendant or the termination thereof, including but not limited to all damages claimed in the captioned matter.

**REQUEST FOR PRODUCTION NO. 8**

All documents you provided to the MCAD in support of your Charge of Discrimination against defendant.

**REQUEST FOR PRODUCTION NO. 9**

All documents evidencing any communication between you and any current or former employee of defendant

**REQUEST FOR PRODUCTION NO. 10**

All notes, diaries, journals, copies of correspondence and documents

which in any way pertain to your employment with defendant, other employment, any complaint made by you to any court, administrative agency or any other agency, state or federal, or to any litigation between the parties to this matter.

**REQUEST FOR PRODUCTION NO. 11**

For the period of January 2002 to the present, all medical records, hospital records, surgical records, mental illness records, X-ray radiographic films, pathology materials, including but not limited to, slides and other tissue samples, or any other records or materials related to any medical treatment which you received, including but not limited to the names and addresses of any medical personnel who provided treatment to you and the names and addresses of any medical facilities where you received any treatment for a physical or mental illness or injury.

**REQUEST FOR PRODUCTION NO. 12**

All documents relating to any efforts made by Plaintiff to secure any full or part – time employment or to enter into any business or independent contractor relationship between October 31, 2003 and the present date, including but not limited to all correspondence and communications with potential or actual employers or businesses and all versions of the Plaintiff's resume.

5

**REQUEST FOR PRODUCTION NO. 13**

All documents not otherwise covered above that Plaintiff contends support, relate to, or in any way pertain to the claims asserted in the Complaint.

**REQUEST FOR PRODUCTION NO. 14**

All documents that Plaintiff intends to introduce in evidence at the trial of this matter.

**REQUEST FOR PRODUCTION NO. 15.**

All documents which support your contention in Paragraph 5 of the Complaint.

**REQUEST FOR PRODUCTION NO. 16.**

All documents which support your contention in Paragraph 6 of the Complaint.

**REQUEST FOR PRODUCTION NO. 16.**

All documents which support your contention in Paragraph 7 of the Complaint.

**REQUEST FOR PRODUCTION NO. 17.**

All documents which support your contention in Paragraph 8 of the Complaint.

**REQUEST FOR PRODUCTION NO. 18.**

All documents which support your contention in Paragraph 16 of the Complaint.

**REQUEST FOR PRODUCTION NO. 19.**

All documents which support the allegations in Paragraph 18 of the Complaint.

**REQUEST FOR PRODUCTION NO. 20.**

All documents which support your claim for emotional distress as alleged in Paragraph 21 of the Complaint.

**REQUEST FOR PRODUCTION NO. 21.**

All documents which support your claim in paragraph 22 of the Complaint.

**REQUEST FOR PRODUCTION NO. 22.**

All documents which support your claim for punitive damages.

**REQUEST FOR PRODUCTION NO. 23.**

All notes, diaries, journals and other records of events that you maintained for the period from January 1, 2003 to the present.

**REQUEST FOR PRODUCTION NO. 24.**

All documents which support your demand in the "Wherefore" clause of the Complaint for lost wages and benefits between October 31, 2003 and the present.

**REQUEST FOR PRODUCTION NO. 25.**

All documents which support your demand in the "Wherefore" clause of the Complaint for front pay.

**REQUEST FOR PRODUCTION NO. 26.**

All documents which support your demand in the "Wherefore" clause of the Complaint for emotional distress damages.

**REQUEST FOR PRODUCTION NO. 27.**

All documents which support your demand in the "Wherefore" clause of the Complaint for punitive damages.

**REQUEST FOR PRODUCTION NO. 28.**

All documents which support your demand in the "Wherefore" clause of the Complaint for attorneys' fees and costs.

**REQUEST FOR PRODUCTION NO. 29.**

All documents which reflect, refer, relate to or memorialize any efforts you have made to search for a job from May 1. 2003 to the present.

**REQUEST FOR PRODUCTION NO. 30.**

All documents which reflect, refer, relate to or memorialize offers of employment you have received at any time, between May 1, 2003 and the present, including, without limitation, offer of employment letters or other communications, or contracts.

**REQUEST FOR PRODUCTION NO. 31.**

All documents which reflect, refer, relate to or memorialize all other forms of compensation which you received from any employer other than defendant from September I, 2003 to the present, including, but not limited to, documents memorializing the payment of bonuses, commissions, or deferred compensation.

**REQUEST FOR PRODUCTION NO. 32.**

All documents which reflect, refer, relate to or memorialize all benefits which you have been eligible to receive from employers other than

defendant from September 1, 2003 to the present including without limitation, all group benefits, vacation, pension and/or savings Plans, car allowances or any other form of allowance or benefit.

**REQUEST FOR PRODUCTION NO. 33.**

All documents which reflect refer, relate to or memorialize income which you have received from self-employment since September 1, 2003 to the present, including, without limitation, independent contractor agreements, consulting agreements, 1099 forms, accounts receivable records, or invoices. All documents which reflect refer, relate to or memorialize income which you have received from self-employment since September 1, 2003 to the present, including, without limitation, independent contractor agreements, consulting agreements, 1099 forms, accounts receivable records, or invoices.

**REQUEST FOR PRODUCTION NO. 34.**

All documents which reflect refer, relate to or memorialize unemployment compensation payments you have received September 1, 2003 to the present.

**REQUEST FOR PRODUCTION NO. 35.**

All documents which reflect refer, relate to or memorialize applications for Social Security disability benefits, short -term disability insurance benefits or long term disability insurance benefits which you filed at any time from September 1, 2003 to the present.

**REQUEST FOR PRODUCTION NO. 36.**

All documents which reflect refer, relate to or memorialize your receipt of Social Security disability benefits, short -term disability insurance benefits or long term disability insurance benefits which you filed at any time from September 1, 2003 to the present.

**REQUEST FOR PRODUCTION NO. 37.**

All documents which reflect refer, relate to or memorialize applications for workers' compensation you filed at any time from September 1, 2003 to the present.

**REQUEST FOR PRODUCTION NO. 38.**

All documents which reflect refer, relate to or memorialize your receipt of workers' compensation benefits from September 1, 2003 to the present.

**REQUEST FOR PRODUCTION NO. 39.**

All documents which reflect refer, relate to or memorialize any leaves of absence you have applied for and/or taken while employed by any employer other than defendant September 1, 2003 to the present.

**REQUEST FOR PRODUCTION NO. 40.**

All documents which reflect refer, relate to or memorialize your election of COBRA continuation coverage under defendant's medical and/or dental Insurance plans from October 31, 2003 to the present.

**REQUEST FOR PRODUCTION NO. 41.**

All documents which reflect, refer, relate to or memorialize the damages which you allege to have suffered as a result of your termination of employment from defendant.

**REQUEST FOR PRODUCTION NO. 42.**

All New Seabury Resources Management, Inc., documents which are in your possession, custody or control.

**REQUEST FOR PRODUCTION NO. 43.**

All affidavits, witness statements or other written statements that you or anyone on your behalf has received from any New Seabury Resources Management, Inc., employee or former employee or any other potential witness in this case.

New Seabury Resources Management, Inc.,

By its attorney,

HOWARD I. WILGOREN.
6 Beacon Street Suite 700
Boston, MA 02108
(617) 523 - 5233
BBO No. 527840

DATED: April 28, 2006

CERTIFICATE OF SERVICE

    I, hereby certify that on this 16th day of November 2005, I caused a copy of the foregoing document was served on the Plaintiff by hand delivery of a copy of same, to her Attorneys, Shannon Liss – Riordan, Esquire, Hillary Schwab, Esquire, Pyle Rome, Lichten, Ehrenberg & Liss-Riordan, P.C., 18 Tremont Street, 5th Floor, Boston, MA 02108

 

                                                                            Howard I. Wilgoren

13