UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * *****
PATRICIA COSGROVE                *
                                 *
         Plaintiff               *
                                 *
v.                               *   CIVIL ACTION NO. 05-10791- GAO
                                 *
NEW SEABURY RESOURCES            *
MANAGEMENT, INC.,                *
                                 *
         Defendant               *
                                 *
* * * * * * * * * * * * * * * * * * * * * * *****
```

### DEFENDANT NEW SEABURY RESOURCES MANAGEMENT INC.'S MEMORANDUM IN OPOSITON TO
### PLAINTIFF'S MOTION TO QUASH SUBPOENA TO A.G. EDWARDS

Now comes New Seabury Resources Management Inc., ("NSRM") defendant in the above entitled action and files this memorandum in opposition in opposition to Plaintiff Patricia Cosgrove's motion to quash a subpoena issued to A. G. Edwards.

Plaintiff commenced this action against NSRM seeking damages, including but not limited to back pay, and front pay for alleged violations of state and federal laws prohibiting pregnancy discrimination and the Family and Medical Leave Act.[1] Not only are the underlying legal claims at issue here but, to state the obvious, should such a finding occur, the issue of damages will be at issue as well.

NSRM denies that it violated the law in any manner. With respect to the issue of damages Plaintiff, by her own testimony, makes relevant the sought after documents as bearing on the issue of whether or not she exerted reasonable diligence to mitigate any

---

[1] Plaintiff was laid off by NSRM on October 31, 2003. NSRM operates a seasonal business and laid off more than two hundred fifty employees, of which Plaintiff was one, between September and the end of December 2003.

damages that she is claiming. In this regard Plaintiff testified that except for one job that she held between December 2003 and May 2004 she made no efforts to secure a substantially similar job to the one she held at NSRM at any time from the time she was laid off up to January 16, 2006, the date of her deposition. Plaintiff did not seek any employment at all during this period. She did not look for any employment. She did not fill out a single job application. She did not apply for a single job from newspaper advertisement or on the internet. (See: Transcript of Plaintiff's Deposition Testimony at pp. 105 – 106, 258 attached hereto as Exhibit 1)

Plaintiff further testified that in 2005 she received income in the amount of approximately Fifty Thousand ($50,000.00) Dollars as a result of a memorial benefit that was held by family and friends. Plaintiff testified that she received this income unencumbered. She further testified that this money was available for use by her for the support of her daughter had herself. These funds are held in an account for investment by A.G. Edwards. (See: Transcript of Plaintiff's Deposition Testimony at pp. 278 - 280 attached hereto as Exhibit 1)

On or about March 28, 2006 the undersigned served a subpoena on A.G. Edwards based on Plaintiff's deposition testimony. NSRM sought, "All documents pertaining to accounts held in whole or in part by Patricia Cosgrove (SSN 015 -58-7741) from October 31, 2003 to the present including but not limited to any and all statements for each such account." In a telephone conference with Trish Uenterberg, Paralegal for A.G. Edwards the undersigned made clear that no one would be required to appear to testify as only the documents were being requested. Ms. Uenterberg stated that the documents would be sent on April 21, 2006. Subsequently,

Counsel to the Plaintiff wrote Ms. Uenterberg, stating, "As we discussed last week, **please do not turn over the information requested in the subpoena until the Court has ruled on this motion to quash."** (emphasis in original) (See: Exhibit 2).

The documents sought by NSRM from A.G. Edwards are relevant on the issue of whether or not Plaintiff satisfied the duty to mitigate her damages by seeking substantially similar employment. The statute, 42 U.S.C. §20003-5(g) directs courts to reduce back pay awards by "amounts earnable with reasonable diligence by the person or persons discriminated against…" The documents sought from A.G. Edwards are directly relevant on the issue as to whether Plaintiff having this income available to her, failed, to exercise reasonable diligence in failing to seek a single job from May 2004 to the date of her deposition.

Contrary to the assertion made by Plaintiff, the evidence sought from A.G. Edwards is not sought for the purposes of discovering "benefits received by the plaintiff from a source collateral to the defendant… to reduce the defendant's liability for damages. Accordingly, the collateral source rule and the cases cited by Plaintiff are not germane. Rather, as noted above the fact that the account exists, and by Plaintiff's own admission was available for the support of her daughter and her, is probative evidence explaining, in part, why Plaintiff made no efforts whatsoever to seek a single job from May 2004 onward.

Defendant is not seeking evidence that is "cumulative, unduly burdensome and invasive of Plaintiff's privacy. Plaintiff has no documentary evidence of the account at

A.G. Edwards and has been denied access to her 2005 income tax return. [2] There has been no burden shown. Absent the instant motion to quash A.G. Edwards is perfectly willing to provide the requested documents. Finally there are no issues of privacy implicated by the requested information. The fact that the money was collected is a matter of public record. (Transcript of Plaintiff's Deposition at p. 278 -279).

The subpoena need not be quashed based on a plain reading of Rule 45 of the Federal Rules of Civil Procedure. Rule 45(c)(2)(A) states, "A person commanded to produce and permit inspection and copying of designated, books, papers, documents or tangible things, … need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial." As noted above the undersigned advised the representative of A.G. Edwards that she need not appear if the records were produced. The representative had no problem with producing the documents on that basis and was prepared to do so, until Plaintiff's counsel wrote the letter dated April 24, 2006. Contrary to Plaintiff's assertion no representative of A. G. Edwards was being required to travel more than 100 miles from its place of business.

**REMAINDER OF THE PAGE IS INTENTIONALLY BLANK**

---

[2] Although Plaintiff provided her tax returns for the years 2002 – 2004 she has now refused to provide her 2005 income tax returns. This refusal is subject to a separate motion to compel filed by the Defendant.

## **CONCLUSION**

For the reasons stated herein it is respectfully requested that Plaintiff's Motion to Quash the Subpoena issued to A. G. Edwards be denied.

Respectfully submitted,
New Seabury Resources
Management, Inc.,
By its attorney,


s/ Howard I. Wilgoren
HOWARD I. WILGOREN.
6 Beacon Street Suite 700
Boston, MA 02108
(617) 523 - 5233
BBO No.  527840

DATED: May 8, 2006

### CERTIFICATE OF SERVICE

I, hereby certify that on this 28th day of April 2006, I caused a copy of the foregoing document was served on the Plaintiff electronic filing on to her Attorneys, Shannon Liss – Riordan, and Hillary Schwab, 18 Tremont Street, 5th Floor, Boston, MA 02108

s/ Howard I. Wilgoren
Howard I. Wilgoren

1

UNITED STATES DISTRICT COURT

2          FOR THE DISTRICT OF MASS

3          C.V. NO.: 05-10791-GAO

4
5    * * * * * * * * ** * * * * * * * * * * * * * **
                                                   *
6    PATRICIA COSGROVE,                            *
7              Plaintiff,                          *
                                                   *
8              vs.                                 *
                                                   *
9    NEW SEABURY RESOURCES,                        *
                                                   *
10             MANAGEMENT, INC.,                   *
                                                   *
11             Defendant.                          *

12   * * * * * * * * * * * * * * * * * * * * *

13

14          DEPOSITION OF: PATRICIA COSGROVE

15

16          LAW OFFICE OF HOWARD WILGOREN

17               6 Beacon Street

18          Boston, Massachusetts 02110

19

20

21          January 16, 2006    10:00 a.m. - 4:53 p.m.

22

23          KATHRYN K. GIANNO

24               COURT REPORTER

                                                                    105

your late husband passed away?

    A    Yes.

    Q    And from that time forward the only time
you could work was when your parents, your in-laws, or Olivia's
godparents could baby-sit?

    A    Yes.

    Q    And that's been about 12 hours a week from November '04
to the present time?

    A    Yes.

    Q    Did you -- between May 5, 2004 and the
present time, have you sent out any applications?
Have you sought any other employment on a full-time basis?

    A    No, I have not.

    Q    Have you looked for any other

employment -

    A    No.

        Q    -- other than your work at SVS?

    A    No.
    Q    Not filled out a single job application
between May 5, 2004 and the present?

A No.

    Q    Not applied to a single job in the
newspaper?

106

A    No.

Q    Not applied to a single job on the Internet?

A    No.

Q    Not applied to any job from any source between May 5, 2004 to the present?

A    No.

Q    Made no <u>efforts</u> to seek full-time -

MS. SCHWAB: Howard, it's getting excessive.

It's the same question over and over.

MR. WILGOREN: Well, I just want to be thorough.

A    No. I have not pursued any other career avenue or applied for any other position while I've been employed.

Q    Have you ever been charged with a criminal offense?

A    No.

Q    Now, you've indicated that your primary function at New Seabury as the sales manager was to book the lodging, that took the bulk of your workday?

A    Yes.

258

1  Q    Who?

2  A    Rhonda may have.

3  Q    When may she have said that?

4  A    In a previous discussion.

5  Q    Do you have any present recollection, as

6  we sit here today, that she actually, Rhonda Rogers,

7  did, in fact, tell you your employment situation was

8  the result of pregnancy discrimination?

9  A    I don't believe she did, in fact, tell me.

10  We may have discussed it and I brought it to her

11  attention, and she may have agreed one way or the

12  other.

13  Q    But you have no recollection, as we sit

14
 here today, that she did or did not agree?

A    Not that I can recall.

Q    Other than the job you had at Stanmar and

15  the part-time position at SVS, you've made no

18  efforts between October 31, 2003 and the present

19  time to seek any other employment; is that correct?

20 A Yes, but I thought you asked that question

21 already.

22  Q    And records regarding your healthcare

23 costs with Blue Cross/Blue Shield?

24    A    I would believe so.

Case 1:05-cv-10791-GAO    Document 16-2    Filed 05/08/2006    Page 5 of 8

24    A    I would believe so.

A    Well, it was given to me as a gift from an organization for -- in memory of my husband.

Q    Would that be the Cape Cod Foundation?

A    Yes, it's called Wings for Falmouth Families. It's a Cape Cod organization.

Q    Is that something you were able to use as additional income to support yourself and your daughter?

A    Yes.

Q    Now, three pages further is a 1099-R Summary.

A    Yes.

Q    There's a $95 payment. It looks like, I think, that's CG, Connecticut General Life Pension Benefit Payment, Inc. Do you know what that is?

A    No, I don't. I have no idea what that is.

Q    Have you filed your 2005 taxes yet?

A    No, I have not.

Q    In addition to your earnings from SVS and Social Security, have you had any other income in 2005?

A    2005? Yes, actually, I have.

Q    What income was that?

A    A benefit was organized in my husband's

279

1    memory in March of '05.

2    Q    Who organized that?

3    A    Family and friends.

4    Q    And what was the benefit that was held?

5    A    It was a memorial benefit.

6    Q    Where was that held?

7    A    The Sea Crest Resort in North Falmouth.

8    Q    What did the benefit consist of?

9    A    Food and beverage, live silent auction,

10   entertainment and raffles.

11   Q    As a result of that benefit, did you

12 receive some income?

13   A    Yes, I did.

14   Q    How much?

15   A    Approximately $50,000.

16   Q    Have you used that approximately $50,000

to offset the income you've lost?

A    Have I used it?

Q    Yes.

A    No, I have not.

Q    You have it available to use?

A    Yes.

Q    And you're using it to support yourself
     And your daughter

A    If I need to, I will.

Q    You haven't used it yet?

A    No.

Q    Is it being invested?

A    Yes.

Q    Where is it being invested?

A    A.G. Edwards.

Q    Is that a separate account?

A    Yes, I have several accounts there.

Q    Tell me each and every account you have at A.G. Edwards.

A    I have a money market account, a Roth IRA, a 529 educational fund for my daughter.

Q    Any other accounts?

A    No, I don't believe so.

Q    What's the balance of the money market account?

A    Approximately $10,000.

Q    And the Roth IRA, is the rollover from New Seabury?

A    Excuse me, can I go back to the money market? I actually rolled that 50,000 into the money market, so there's about 50 or 60, 50,000 I would say, in the money market.

PYLE, ROME, LICHTEN, EHRENBERG & LISS-RIORDAN, P.C.
Attorneys at Law
18 Tremont Street, Suite 500
Boston, MA 02108

Telephone (617) 367-7200 Fax (617) 367-4820

Tod A Cochran
Of Counsel

Warren H. Pyle
David B. Rome
Harold L. Lichten*
Betsy Ehrenberg
Shannon Liss-Riordan**
Terence E. Coles
Katherine D. Shea
Alfred Gordon

Nicole Horberg Decter**
Rebecca G. Pontikes
Leah M. Barrault
David Conforto
Hillary Schwab**

April 24, 2006

* Also admitted in Maine
** Also admitted in New York

*BY FACSIMILE* (314-955-6999) *AND FIRST CLASS MAIL*

Trish Uentenberg
A.G. Edwards
1 North Jefferson
St. Louis, MO 63103

    RE:    <u>Patricia Cosgrove v. New Seabury Resources Management. Inc.</u>
              Civil Action No. 05-CV-10791-GAO

Dear Ms. Uentenberg:

    Enclosed please find Plaintiff's Motion and Memo/'andum to Quash Defendant's Subpoena to A.G, Edwards, filed with the Court today. As we discussed last week, please do not turn over the information requested in the subpoena until the Court has ruled on this motion to quash. I will notify you as soon as I receive a ruling. If you have any questions, please contact me at (617) 367-7200,

    Thank you for your attention to this matter.

                                          Sincerely,

Hillary Schwab

Enclosure.

*Cc w/o* enc: Howard I. Wilgoren, Esq.