UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * *****
PATRICIA COSGROVE              *
                               *
           Plaintiff           *
                               *
v.                             *    CIVIL ACTION NO. 05-10791- GAO
                               *
NEW SEABURY RESOURCES          *
MANAGEMENT, INC.,              *
                               *
           Defendant           *
                               *
* * * * * * * * * * * * * * * * * * * * * * * *****
```

**RESPONSE OF DEFENDANT NEW SEABURY RESOURCES MANAGEMENT, INC., TO PLAINTIFF PATRICIA COSGROVE'S CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS OF IN SUPPORT OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT, PURSUANT TO LOCAL RULE 56.1**

Defendant New Seabury Resources Management, Inc., (Hereinafter, "NSRM" or "Defendant") hereby submits in opposition to Plaintiff Patricia Cosgrove's., (Hereinafter, "Cosgrove" or "Plaintiff") Motion for Partial Summary Judgment the following material facts of record as to which there exists a genuine issue pursuant to L.R.D. 56.1:[1]

**A.   Response to Defendant's Concise Statement of Material Facts Not in Dispute**

.1.    NSRM states that there is no issue of material fact of record with respect to paragraphs 1 - 7, 10, 11, 14 – 16, 18 - 19 – 21, 25, 27, 29 – 30, and 36 – 37 of Plaintiff's Concise Statement of Undisputed Material Facts in Support of her Motion for Partial Summary Judgment.

---

[1] As set forth in Defendant's Motion for Summary Judgment the material facts pertaining to the return of the Plaintiff to the same or substantially similar position upon the conclusion of her FMLA leave are not in dispute and Defendant is entitled to judgment in its favor on this, and all otherissues raised by the Plaintiff.

2. Contrary to paragraph 8 of Plaintiff's Concise Statement of Undisputed Material Facts in Support of her Motion for Partial Summary Judgment Cosgrove began her FMLA leave on or about May 7, 2003 upon her request and as approved by NSRM. (Cosgrove Dep. 128, attached as Exhibit 1 to the Concise Statement of Undisputed Material Facts of Defendant New Seabury Resources Management, Inc., In Support of its Motion for Summary Judgment, Pursuant to Local Rule 56.1)[2]

3. Contrary to paragraph 9 of Plaintiff's Concise Statement of Undisputed Material Facts in Support of her Motion for Partial Summary as of May 11, 2003 Cosgrove's position as Conference Sales Manager had been eliminated and she was to start a new position as Administrative Assistant. Although Cosgrove was advised of the elimination of her position as Conference Sales Manager on April 28, 2003 she continued at her request to serve as Conference Sales Manager for two weeks at her request to complete outstanding work for groups arriving the following week and transition files to Jennifer Perry. (Exhibits E and H attached to Affidavit of Hillary Schwab, Esquire Regarding Exhibits).

4. NSRM disputes the statement set forth in paragraph 12 of Plaintiff's Concise Statement of Undisputed Material Facts in Support of her Motion for Partial Summary Judgment. The Administrative Assistant position offered to Cosgrove was always considered a seasonal position. It was a 40 hour per week position from May through October each year. Cosgrove was well aware at all times that the Administrative Assistant position in the Catering Sales Department was always

---

[2] Unless otherwise noted all references are to Exhibits submitted by NSRM which were attached to the Concise Statement of Undisputed Material Facts of Defendant New Seabury Resources Management, Inc., in Support of Its Motion for Summary Judgment, Pursuant to Local Rule 56.1 filed in the captioned matter on June 12, 2006.

classified as a seasonal position.  Taddeo did work for Cosgrove who observed when she was there and when she was laid off. (Exhibit 17 Affidavit of Lauralee Taddeo ¶ 2, 8, Perry Dep. 35 – 36, 76 -77).

  5. Regarding the statement set forth in paragraph 113 of Plaintiff's Concise Statement of Undisputed Material Facts in Support of her Motion for Partial Summary Judgment although the paragraph generally sets out the duties of the Administrative Assistant position it is not all inclusive. The duties of the Administrative Assistant position being offered to Cosgrove included doing anything necessary for the operation of the business of NSRM. There was no job description for the Administrative Assistant position Cosgrove was scheduled to start on May 11, 2003. (Brennan Dep. 169, Cosgrove Dep. 129).

  6. Contrary to the statement set forth in paragraph 17 of Plaintiff's Concise Statement of Undisputed Material Facts in Support of her Motion for Partial Summary Judgment the position offered to Cosgrove was that of an Administrative Assistant which at the time it was offered was located in the Catering Sales Department. As noted above that position was always a seasonal position and the person hired to fill that job while Cosgrove was on leave was scheduled to be, and in fact was, laid off within days of Cosgrove's return from leave. Cosgrove was to commence the Administrative Assistant position on May 11, 2003. (Cosgrove Dep. 129, Exhibit E attached to Affidavit of Hillary Schwab, Esquire Regarding Exhibits, Taddeo Affidavit at ¶ 2).

  7. Contrary to the statement set forth in paragraph 22 of Plaintiff's Concise Statement of Undisputed Material Facts in Support of her Motion for Partial Summary Judgment the position of Conference Sales manager had been eliminated on April 28,

2003 before Cosgrove's FMLA leave. Cosgrove was restored to an Administrative Assistant position upon her return from her FMLA leave of absence. The Administrative Assistant position was the position she was scheduled to commence shortly before her leave began. (Cosgrove Dep. 129, 228, Exhibit E attached to Affidavit of Hillary Schwab, Esquire Regarding Exhibits).

8.     Regarding the statement set forth in paragraph 23 of Plaintiff's Concise Statement of Undisputed Material Facts in Support of her Motion for Partial Summary Judgment upon Cosgrove's return to work she was assigned to scan documents. This responsibility was part of the duties of the Administrative Assistant position which she returned to after the completion of her FMLA leave. The scanning work had previously been performed by Robin Almedia who was classified as an Administrative Assistant. Cosgrove did not spend all day scanning documents. In a typical eight hour day Patricia was away from her work station approximately four hours per day either at the Administration offices or at the Country Club. (Brennan Dep. 200 – 201, Cosgrove Dep. 198, 26 – 28, 203 – 205, 218 – 219, Affidavit of John Shea ¶4, 6, 7 8 "Exhibit 18").

9.     Regarding the statement set forth in paragraph 24 of Plaintiff's Concise Statement of Undisputed Material Facts in Support of her Motion for Partial Summary Judgment NSRM admits that the statement contained therein is the opinion of Cosgrove. However, there is no dispute that the scanning work was part of the duties of the Administrative Assistant position. (Cosgrove Dep. 198, Brennan Dep. 200 – 201, Affidavit of John Shea ¶4 "Exhibit 18).

10.    Regarding the statement set forth in paragraph 26 of Plaintiff's Concise Statement of Undisputed Material Facts in Support of her Motion for Partial Summary

4

Judgment NSRM does not contest said statement. However, the statement is misleading in that Cosgrove did not work in the warehouse amidst "machinery and equipment all around." Rather, Cosgrove worked in an enclosed office in the warehouse. There were three offices located in the warehouse including Shea's, the Director or Information Technology, whose office was adjacent to that occupied by Cosgrove and Jeff Fullerton. The project assigned to Cosgrove involved scanning financial records that were in several hundred boxes located in the warehouse. There was no business reason for Cosgrove to go into the warehouse. The boxes containing the records to be scanned were brought to her office. (Affidavit of John Shea ¶2 10, (Cosgrove Dep. 198-199, 206, 208, 214).[3]

11.   Contrary to the statement set forth in paragraph 28 of Plaintiff's Concise Statement of Undisputed Material Facts in Support of her Motion for Partial Summary Judgment she did not work in isolation for most of the day in the warehouse. During the approximately four hours per day she was either at the Administration offices or at the Country Club Cosgrove had ample opportunity to interact with co workers, supervisors and customers. (Cosgrove Dep. 26-28, 204-205, 218-219, Affidavit of John Shea ¶ 6, 7, 8).

12.   Contrary to the statement set forth in paragraph 31 of Plaintiff's Concise Statement of Undisputed Material Facts in Support of her Motion for Partial Summary Judgment Cosgrove was assigned by Brennan to perform the scanning of financial

---

[3] The photographs marked as 1 and 2, submitted as attachments to the Affidavit of Patricia Cosgrove should be stricken. They do not depict the area where Cosgrove worked. (Cosgrove Dep. As Cosgrove testified at her deposition the pictures do not show her office except for peeking through the door and she did not work in the area depicted in the pictures at all (Cosgrove Dep. 200-201 attached hereto as "Exhibit 1")

documents and was under the supervision of John Shea, Director of Information Technology. (Affidavit of John Shea ¶ 1 – 12).

13. Contrary to the statement set forth in paragraph 32 of Plaintiff's Concise Statement of Undisputed Material Facts in Support of her Motion for Partial Summary Judgment Cosgrove was not required to share a dingy and dirty bathroom in the warehouse with male co – workers. Rather, Cosgrove was allowed to go to the Administration Building or the Clubhouse to use the restroom facilities whenever she needed to without objection by any representative of NSRM. Patricia also went to the Clubhouse on a daily basis for her lunch and other breaks.  If Cosgrove even used this bathroom at all it was her own choice. Cosgrove admitted that she was able to use the bathroom in the Country Club or the reception area whenever she wanted.  (Affidavit of John Shea ¶8, Cosgrove Dep. 203, 218-219).

14. Regarding the statement set forth in paragraph 34 of Plaintiff's Concise Statement of Undisputed Material Facts in Support of her Motion for Partial Summary Judgment Cosgrove was provided a refrigerator to store her breast milk when she requested it.  As noted above, Cosgrove was permitted to go to the Country Club whenever she wanted. She could have stored her breast milk in the refrigerator at the Country Club whenever she wanted. (Affidavit of John Shea ¶ 9, Cosgrove Dep. 205 - 206).

15. Contrary to the statement set forth in paragraph 35 of Plaintiff's Concise Statement of Undisputed Material Facts in Support of her Motion for Partial Summary Judgment there was heat in her office. She was also provided a space heater at her

request to supplement the heat in the office. (Affidavit of John Shea ¶ 12, Cosgrove Dep. 205 -206).

16. Contrary to the statement set forth in paragraph 38 of Plaintiff's Concise Statement of Undisputed Material Facts in Support of her Motion for Partial Summary Judgment Cosgrove's employment was not terminated on October 31, 2003. Rather, on October 31, 2003 Cosgrove was laid off together with seventy eight other seasonal employees who were laid off between September 1 and December 16, 2003. Significantly, at the time Cosgrove was laid off there were no other administrative assistant positions available. Lauralee Taddeo who was in the Administrative Assistant position in Catering Sales during Cosgrove's FMLA leave was laid off on October 10, 2003. (Brennan Dep. 217, 219 -224, Exhibit 19).

          Respectfully submitted,

          NEW SEABURY RESOURCES
          MANAGEMENT, INC.,

          By its attorney,

          s/ Howard I. Wilgoren
          Howard I. Wilgoren (BBO No. 527840)
          6 Beacon Street, Suite 700
          Boston, MA 02108
          (617) 523 – 5233

Dated: July 14, 2006

**CERTIFICATE OF SERVICE**

      I, Howard I. Wilgoren, hereby certify that the foregoing document was filed through the ECF system on July 14, 2006 and that a true paper copy of this document was sent to those indicated as non registered participants on the Notice of Electronic Filing on May 31, 2006 by first class mail. I further certify that a courtesy copy of the foregoing document was served on July 14, 2006 by first class mail upon plaintiff's counsel Hilary Schwab, Esquire, 18 Tremont Street, Boston, MA 02108

                                                                   s/ Howard I. Wilgoren  
                                                                   Howard I. Wilgoren

Dated: July 14, 2006

```
1    in, it had a desk?
2        A    It had a desk, yes.
3        Q    Okay.
4
5                     (Exhibit Nos. 14 and 15,
6                      Photographs of Warehouse
7                      Facility.)
8
9        Q    (By Mr. Wilgoren:) Ms. Cosgrove, let me show
10   you what's been marked as Deposition Exhibits No. 14
11   and 15 and ask if you can identify these documents.
12       A    They are pictures of the warehouse
13   facility.
14       Q    And show me where the picture is of your
15   office where you worked.
16       A    The top photo.
17       Q    On the top?
18       A    Yes, top photo here, just inside the door
19   there.
20       Q    Inside the door.  So we really don't see
21   your office except for peeking through the door?
22       A    Correct.
23       Q    You didn't work in this outside area at
24   all, did you?
```

```
 1      A    No.
 2      Q    In fact, you never set foot in that
 3 outside area, did you?
 4      A    Yes, I did.
 5      Q    What purpose did you have for going in
 6 that --
 7      A    That was the only way I could get to my
 8 office, was to walk through that area.
 9      Q    Oh, I see.  How about the bottom picture,
10 what is that?
11      A    That's the area that I walked through.
12      Q    Isn't it true that you were given a key to
13 a separate entrance directly to your office?
14      A    No.
15      Q    That's not true?
16      A    That is not true.
17      Q    Anyone who said that would be telling a
18 lie?
19      A    I was given a key, but not to the building
20 itself.
21      Q    Well, let me call your attention to
22 Deposition Exhibit No. 14, the picture of the
23 exterior of the warehouse, correct?
24      A    Yes.
```

```
 1       A    Yes.
 2
 3                 (Exhibit No. 16, Job Description
 4                 Prepared by Patricia Cosgrove.)
 5
 6   Q    (By Mr. Wilgoren:)  I just want to be sure I'm
 7   clear on this point.  Except for the couple of times
 8   when you got deliveries and the occasion or two when
 9   you went to the copier, all of the work you
10   performed scanning the documents was done in a
11   separate office partitioned off from the warehouse?
12       A    Yes, it was partitioned within the
13   warehouse.
14       Q    Let me show you Deposition Exhibit No. 16
15   and ask if you can identify this document.
16       A    That was the job description I was asked
17   to prepare for the job I was performing prior to my
18   maternity leave, so that it could be passed along to
19   the employee who was going to fill in for me while I
20   was out on maternity leave.
21       Q    You weren't performing the administrative
22   assistant job prior to your maternity leave, were
23   you?
24       A    No, not fully, no.
```