UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*\*\*\*

**PATRICIA COSGROVE**          \*
                               \*
      **Plaintiff**          \*
                               \*
**v.**                         \*   **CIVIL ACTION NO. 05-10791- GAO**
                               \*
**NEW SEABURY RESOURCES**      \*
**MANAGEMENT, INC.,**          \*
                               \*
      **Defendant**          \*
                               \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*\*\*\*

**MEMORANDUM OF DEFENDANT NEW SEABURY RESOURCES
MANAGEMENT, INC., IN RESPONSE TO PLAINTIFF'S
<u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

**I.   INTRODUCTION**

Defendant New Seabury Resources Management, Inc., ("NSRM") submits this memorandum in opposition to Plaintiff Patricia Cosgrove's ("Plaintiff or "Cosgrove") Motion for Partial Summary Judgment.  Cosgrove contends that she is entitled to partial summary judgment on her claim arising pursuant to the Family and Medical Leave Act.  In particular Cosgrove contends that NSRM failed to restore her to the same or substantially similar position when she returned from her maternity leave.

NSRM has also filed for summary judgment with respect to all issues raised by Plaintiff's complaint. In particular with respect to the issue raised by Plaintiff's Motion for Partial Summary Judgment it is submitted that there is no genuine issue with respect to the material facts and judgment in favor of NSRM

should enter. The undisputed facts clearly establish as a matter of law that Cosgrove was restored to the same or substantially similar job without loss of pay, benefits or other terms and conditions of employment upon the completion of her FMLA leave. Accordingly, summary judgment should enter in favor of NSRM on this issue.[1]

## II. FACTS

NSRM hereby incorporates and makes reference to Defendant's Concise Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment, Pursuant to Local Rule 56.1 ("SUMF"), filed in the captioned matter and to the Response of Defendant New Seabury Resources Management, Inc., to Plaintiff Patricia Cosgrove's Concise Statement of Undisputed Material Facts in Support of Her Motion for Partial Summary Judgment. ("Defendant's Response").

## III. ARGUMENT

The Plaintiff was restored to a substantially similar position as an Administrative Assistant when she returned from her FMLA leave of absence. The undisputed fact is that she was well aware as of April 28, 2003 that her position as Conference Sales Manager was being eliminated and she accepted the Administrative Assistant position that was offered to her together with the reduction in pay from $17.00 to $12.00 per hour. (SUMF ¶ 60). She would have assumed that position on May 11, 2003 had she not commenced her leave of absence a few days earlier. (SUMF ¶ 63).

---

[1] NSRM specifically incorporates herein the memorandum it filed in support of its motion for summary judgment and calls the Court's attention to pages 14 through 18.

There is no requirement under FMLA that enshrines an employee in a particular job she held at the time the leave commenced.  Employees on a FMLA leave are subject to the same vagaries of legitimate business decisions as their colleagues who remain at work. 29 C.F.R § 825.216 (a) provides, "An employee has no greater right to reinstatement or to other benefits and conditions of employment than if the employee had been continuously employed during the leave period."

In this regard Cosgrove's position as Conference Sales Manager had been eliminated together with the jobs of a number of other employees. But for the early commencement of her leave, Cosgrove would have assumed the Administrative Assistant position on May 11, 2003.  Accordingly, it is that job that must be compared with the job she was offered at the time she returned to work at the conclusion of her FMLA leave.   As required by the FMLA the undisputed facts establish that Cosgrove was reinstated to an equivalent position at the conclusion of her leave of absence.

Cosgrove accepted an Administrative Assistant position. (SUMF ¶ 66).That is the position she was restored to upon the completion of her leave of absence. (SUMF ¶ 77 - 79). The pay for the position was $12.00 per hour. This is precisely what Cosgrove was paid when she returned to work after her FMLA leave. (See Exhibit E attached to the Affidavit of Hillary Schwab, Esquire submitted in support of Plaintiff's Motion for Partial Summary Judgment).

Cosgrove contends that she was entitled to a full time year round position. The undisputed facts clearly establish that this was not the job she was offered or

3

that such a job even existed. The Administrative Assistant position in the Catering Sales Department always was a seasonal position. (SUMF ¶ 68). Cosgrove was well aware of this fact. (SUMF ¶ 52, 53, 55). The benefit of a full time year round position was not something that was taken away from Cosgrove. It was not part of the position she was offered and accepted.[2] If further proof is needed that this position was always a seasonal one, it is undisputed that, in accordance with the longstanding practice, the person hired to fill the position during Cosgrove's leave was laid off on October 10, just three days after Cosgrove returned to work. (SUMF ¶ 75 - 76).

    Plaintiff also contests the job duties she was performing when she returned to work. Although she may think those duties were monotonous it is undisputed that such duties are performed at NSRM by those in the Administrative Assistant job classification. It is undisputed that Cosgrove's predecessor in that position was classified as an Administrative Assistant. (SUMF ¶ 77). By her own admission Cosgrove concedes this fact. (SUMF ¶ 78).

    The remaining contentions raised by Plaintiff that the Administrative Assistant position to which Cosgrove was restored upon the end of her leave was not substantially similar are not factually in dispute. The undisputed facts establish that in all respects that she was offered a substantially similar position and summary judgment should be granted in favor of NSRM.

    Thus, although Cosgrove attempts to paint her work site as dirty and dingy by showing pictures that do not accurately reflect her work site, the undisputed

---

[2] Moreover, Cosgrove was an employee at will meaning her employment could be terminated at any time for a good reason, bad reason or no reason. She was entitled to no greater job security than any other employee. (SUMF ¶ 3).

fact is she worked in an enclosed office and was not surrounded by "machinery and equipment all around." Cosgrove admitted as much (Defendant's Response ¶ 10).

Nor did Plaintiff work in isolation for most of the day. She spent an average of four hours per day in the Administration Building or at the Country Club with the approval of NSRM. She had ample opportunity to interact with co – workers, supervisors and clients.   (Defendant's Response ¶ 11).

The allegation that Plaintiff was required to share a dirty dingy bathroom with male co – workers is patently untrue. It is an undisputed fact that Cosgrove was allowed to use the bathroom at the Country Club or the Administration Building whenever she wanted. Cosgrove admitted as much (Defendant's Response ¶ 13).

Finally, although entirely *de minimis* or intangible it is an undisputed fact that NSRM accommodated Cosgrove in all respects from providing her with a personal refrigerator, a private office to pump her breast milk and a portable heater to supplement the existing heat in her enclosed office.  ((SUMF ¶ 83, 86 – 87, Defendant's Response ¶ 14 - 15).

## CONCLUSION

For all of the foregoing reasons it is respectfully submitted that Plaintiff's Motion for Partial Summary Judgment be denied and NSRM be granted summary judgment on each count of the Complaint filed by Patricia Cosgrove.

        Respectfully submitted,

        NEW SEABURY RESOURCES
        MANAGEMENT, INC.,

        By its attorney,


        s/ Howard I. Wilgoren
        Howard I. Wilgoren(BBO No.527840
        6  Beacon Street, Suite 700
        Boston, MA 02108
        (617) 523 – 5233

Dated:  July 14, 2006

## CERTIFICATE OF SERVICE

     I, Howard I. Wilgoren, hereby certify that the foregoing document was filed through the ECF system on July 14, 2006, and that a true paper copy of this document was sent to those indicated as non registered participants on the Notice of Electronic Filing on May 31, 2006 by first class mail. I further certify that a courtesy copy of the foregoing document was served on June 12, 2006 by first class mail upon plaintiff's counsel  Hilary Schwab, Esquire, 18 Tremont Street, Boston, MA 02108

        s/ Howard I. Wilgoren
        Howard I. Wilgoren

Dated:  July 14, 2006