UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
PATRICIA COSGROVE,                  )
              Plaintiff,            )
                                    )
       v.                           )
                                    )
NEW SEABURY RESOURCES               )   Civil Action No.
MANAGEMENT, INC.,                   )   1:05-cv-10791-GAO
                                    )
              Defendant.            )
_____ )

**PRETRIAL MEMORANDUM**

Counsel for the parties file this pretrial memorandum pursuant to Local Rule 16.5, in anticipation of the trial scheduled to begin in this matter on December 4, 2006.

**I.    PARTIES' SUMMARY OF THE EVIDENCE**

   **A.    Plaintiff's Summary of the Evidence**

This case concerns Plaintiff Patricia Cosgrove's demotion and then termination from New Seabury Resources Management, Inc. Ms. Cosgrove began working at New Seabury in 1999 and was quickly promoted to Conference Sales Manager. In 2003, Ms. Cosgrove informed the general manager, Stephen Brennan, that she was pregnant. Within weeks after her informing Mr. Brennan that she was pregnant, Ms. Cosgrove was demoted from Conference Sales Manager to Administrative Assistant in the Catering Sales Department. While Ms. Cosgrove had earned $17 an hour as Conference Sales Manager, her salary in the new position was only $12 per hour. Two other pregnant women at New

Seabury were demoted within approximately a month of Ms. Cosgrove's demotion.

After Ms. Cosgrove's demotion, she went out on maternity leave. Shortly before she returned to work from maternity leave, Ms. Cosgrove's attorney wrote a letter to Mr. Brennan, informing him that Ms. Cosgrove's demotion had been pregnancy discrimination and a violation of the Family and Medical Leave Act. When Ms. Cosgrove returned to work in September 2003, she was not placed in the position of Administrative Assistant in the Catering Sales Department as she had been promised. Instead she was sent to the warehouse at New Seabury to scan documents all day long. The work was tedious, isolated, and monotonous.

Ms. Cosgrove's attorney again sent a letter to Mr. Brennan, informing him that Ms. Cosgrove's placement in the warehouse position was pregnancy discrimination and a violation of the Family and Medical Leave Act and informing him that Ms. Cosgrove intended to file a complaint at the Massachusetts Commission Against Discrimination. Shortly thereafter, on October 31, 2003, Ms. Cosgrove was fired.

    **B.**    **Defendant's Summary of the Evidence**

**1.**    **Elimination of the Conference Sales Manager Position**

New Seabury Resources Management, Inc., ("NSRM") is engaged in the operation of a Country Club and related facilities including a 36 hole golf course, a private beach, a banquet facility in the Poponesset Inn, a tennis facility and housing development. In the past it has been a destination for groups seeking

2

meeting facilities including lodging, and food service together with use of the facility's amenities.

Defendant expects that the evidence will establish that Plaintiff was employed as a Conference Sales Manager from 1999 until that position was eliminated for legitimate and substantial business reasons in late April 2003.

The primary function of Cosgrove's position as Conference Sales Manager was to provide lodging related functions for groups of ten people or more booking functions and lodging at NSRM. Booking of the lodging rooms for groups coming to NSRM was Cosgrove's primary responsibility as Conference Sales Manager. One hundred per cent of Cosgrove's responsibilities revolved around lodging. This aspect of Cosgrove's job took up the bulk of her work day.

The undisputed evidence will also establish that NSRM had a separate Lodging Department that booked lodging rooms. The undisputed evidence will also establish that the number of lodging rooms available for rental to groups declined from approximately 100 to about 20.

The undisputed evidence will establish that in August 2002 NSRM hired Mark O'Neil to conduct an Operational Audit to review the entire NSRM operation, department by department, gather information and make recommendations. In the Operational Audit Report O'Neil identified a number of staffing changes that needed to be made to improve efficiency, reduce costs and eliminate redundant positions. O'Neil identified the position held by Cosgrove as being redundant because her primary function was dealing with the lodging component which he viewed as a duplication of effort with the Lodging

3

Department. Also considered in making the decision to eliminate the Conference Sales Manager position was he reduction in available lodging rooms.

The undisputed evidence will establish that as a result of a review of all jobs commencing in August 2002 a number of jobs were eliminated, or redefined resulting in a number of employees being laid off, reduction in compensation or were converted from full time year round.

The evidence will establish that the Conference Sales Manager position held by Ms. Cosgrove was eliminated for legitimate and substantial business reasons. It is also undisputed that after the position was eliminated no one else was hired to replace the Plaintiff in that position. Cosgrove has admitted that after her job was eliminated no one replaced her.

2.  Offer of a Seasonal Position

After her position was eliminated NSRM offered Ms. Cosgrove a position as an Administrative Assistant working in the Catering Sales Department. As an employee at will NSRM was under no obligation to do so. The undisputed evidence will establish that the Administrative Assistant Position in the Catering Sales Department had always been a seasonal position lasting in duration from May through October each year.

Before assuming the Administrative Assistant position Ms. Cosgrove unexpectedly began her pregnancy leave of absence. She had been scheduled to commence her leave in July 2003. The undisputed evidence will establish that NSRM afforded Ms. Cosgrove a twenty one week leave of absence which commenced May 7 and continued until October 7, 2003. During the course of

4

Cosgrove's leave of absence she received disability pay in accordance with NSRM policy at the rate of sixty (60%) per cent of her pay.

On October 7, 2003 Ms. Cosgrove returned to work. In accordance with longstanding practice, the individual hired to replace Ms. Cosgrove was about to be laid off as the position was not needed during the off season. NSRM placed Ms. Cosgrove in a substantially similar Administrative Assistant position scanning documents  The physical location of this position which indisputably had been performed previously by another individual classified as an Administrative Assistant, was in an enclosed office in a warehouse where the documents to be scanned were located.

The evidence will establish that NSRM provided a number of accommodations to Ms. Cosgrove after she returned to work.  She was permitted to go to the Administration office to use a private office to pump her breast milk one to two times per day without loss of pay.  She was permitted to go to the Country Club or Administration office whenever she had to use the rest room facilities also without reduction in pay. NSRM provided Ms. Cosgrove with a refrigerator to store her breast milk. She was also provided with a portable heater to augment the existing heat in her office.

The evidence will establish that the Administrative Assistant position given to Ms. Cosgrove was the same or substantially similar to the position she would have commenced had she not gone out on a leave of absence.

3. <u>The Layoff of Ms. Cosgrove</u>

On October 31, 2003 Ms. Cosgrove was laid off by NSRM. As a seasonal employee there was no business need for her continued services during the off season.

The undisputed evidence will establish that between September 1, and December 16, 2003 seventy – eight employees were laid off by NSRM. Thirty four employees were laid off between October 27 and October 31, 2006. Administrative Assistant Lauralee Taddeo, who filled in for Ms. Cosgrove as an Administrative Assistant in the Catering Sales Department was laid off on October 10, 2003, Administrative Assistant Joan Johnson was laid off on November 7, 2003.

4. <u>Damages</u>

There is a substantial issue regarding the Plaintiff's failure to mitigate her damages. By her own admission Ms. Cosgrove failed to seek any employment at all, let alone in a substantially similar position, from May 2004 (after she was terminated from her employment in a substantially similar position) to the present time.

There is also a substantial issue regarding her attempts to mitigate her emotional distress damages. . She never sought professional counseling of any type, take any medication or suffer any physical manifestations of her emotional distress.

## II. ESTABLISHED AND CONTESTED FACTS

*See* the parties' cross-motions for summary judgment and accompanying documents for disputed and admitted facts.

## III. QUESTIONS RAISED BY PENDING MOTIONS

Plaintiff has filed a motion for partial summary judgment, arguing that she should prevail as a matter of law on her claim that she was not returned to her position or an equivalent position in violation of the Family and Medical Leave Act. Defendant has moved for summary judgment on all claims.

## IV. ISSUES OF LAW

Plaintiff plans to move *in limine* to exclude all evidence of Plaintiff's personal financial information other than her earnings from subsequent employment, including Plaintiff's tax returns, and documentation of disability and social security benefits. Such evidence is irrelevant because benefits and income that Plaintiff has received from sources other than subsequent employment are collateral sources that "may not be used to reduce that defendant's liability for damages." *Lussier v. Runyon*, 50 F.3d 1103, 1107 (1st Cir. 1995).

Defendant will file a motion *in limine* to preclude any testimony pertaining to the layoff of Michele O'Brien and Rhonda Rodgers. Plaintiff speculates that these individuals were also subject to pregnancy discrimination. There is no probative evidence supporting this supposition. This opinion is highly speculative and has no evidentiary value. It is also refuted by both individuals. If allowed, the

trial will be unnecessarily be prolonged while we engage in a mini trail over the circumstances of each of these individual layoff decisions.

NSRM will also move *in limine* to exclude the testimony of Wendy Ghelfi, Sharon Marshall, Catherine Smith, Douglas Sylvia, Pearl Sylvia, and Robert Sylvia on the grounds that contrary to Rule 26(a) (3) of the <u>Federal Rules of Civil Procedure</u> Plaintiff has not disclosed prior to this Pre – Trial Memorandum that these individuals are potential witnesses at the trial of this matter.

If Defendant plans to seek to exclude testimony of Plaintiff's witnesses, Plaintiff is also prepared to move *in limine* to exclude the testimony of the witnesses that Defendant has not previously disclosed, Mark Snider and Sheila Souza.

**V.    PROBABLE LENGTH OF TRIAL**

The parties estimate that the trial will last one week.

**VI.    WITNESSES**

    **A.    Plaintiff's Witnesses**

Patricia Cosgrove

Steve Brennan

Aaron Brochu

Amy Buckley

Mary Carroll

Roy Chase

Tanya Copestick

Janice Cosgrove

Allison Counsil

Wendy Ghelfi

Kathy Griffin

Jane Henry

Wayne Kapral

Sharon Marshall

Michelle O'Brien

Mark O'Neil

Jennifer Perry

Rhonda Rodgers

John Shea

Catherine Smith

Timothy Smith

Douglas Sylvia

Pearl Sylvia

Robert Sylvia

Lauralee Taddeo

      Plaintiff reserves the right to supplement this witness list prior to trial with reasonable notice, if necessary, and to call rebuttal witnesses, if necessary, at the time of trial. Plaintiff also reserves the right to call any witnesses on Defendant's witness list.

      **B.**     **Defendant's Witnesses**

      Stephen Brennan

      Mark O'Neil

      Jennifer Perry

      John Shea

      Lauralee Taddeo

      Mark Snider
      Roy Chase

      Aaron Brochu

      Amy Buckley

      Mark Snider

      Shelia Souza

NSRM reserves the right to supplement this witness list prior to trial with reasonable notice, if necessary, and to call rebuttal witnesses, if necessary, at the time of trial. NSRM also reserves the right to call any witnesses on Plaintiff's witness list.

## VII. PROPOSED EXHIBITS

### A. Plaintiff's Proposed Exhibits

New Seabury Resources Management, Inc. Employee Handbook

Performance evaluations for Patricia Cosgrove

Memorandum from Cosgrove to Brennan, dated Feb. 3, 2003

Cosgrove Payroll Change Notice and New Hire Authorization, dated 5/11/03

Administrative Assistant position description

Letter from Cosgrove to Brennan, dated May 2, 2003

Emails between Cosgrove and Brennan, dated May 7, 2003

Patricia Cosgrove disability pay calculation

Letter from Carlin to Brennan, dated Sept. 30, 2003

Letter from Carlin to Brennan, dated Oct. 8, 2003.

Memorandum from Rodgers to O'Neil, Jan. 15, 2003

Payroll Change Notice and New Hire Authorization, Rhonda Rodgers, 5/12/03

Memorandum from O'Brien to Brennan, Feb. 14, 2003

Payroll Change Notice and New Hire Authorization, Michelle O'Brien, 3/10/03

Documents relating to position changes of Stone, Nickerson, and McGraw


Plaintiff reserves the right to supplement this exhibit list prior to trial with reasonable notice, if necessary, and to use additional exhibits for rebuttal, if necessary, at the time of trial. Plaintiff also reserves the right to use any exhibits on Defendant's exhibit list.


### B.    Defendant's Proposed Exhibits

Receipt and Acknowledgement Form for Employee Handbook signed by Patricia Cosgrove

2002 & 2003 Company payroll comparison

2003 & 2004 Company payroll comparison

Employee Handbook Excerpts

New Seabury Resort Management Proposal

Management Services Agreement

Letter dated November 4, 2002 from Mark O'Neil to Albo Antenucci

Letter dated December 12, 2002 from Mark O'Neil to Carl Ichan

Memorandum dated February 28, 2003 from Mark O'Neil to Albo Antenucci

New Seabury Properties Organizational Chart

Operational Audit Report

Change of Status Form- Golf Operations

Change of Status Form- Golf Course Supt.

Change of Status Form-Golf Superintendent

New Seabury F & B Departmental Reorganization

2002 Payroll Document

Termination Report 09 -01 – 03 – 12-16 - 03

2002 Federal and State Tax Returns for Patricia Cosgrove

2003 Federal and State Tax Returns for Patricia Cosgrove

2004 Federal and State Tax Returns for Patricia Cosgrove

2005 Federal and State Tax Returns for Patricia Cosgrove

2003 W-2 from Stanmar, Inc.

2004 W-2 from Stanmar, Inc.

2004 W-2 from SVS Professional Billing Service

2005 W-2 from SVS Professional Billing Service

Payroll records from SVS Professional Billing Service showing Patricia Cosgrove's earnings for 2006

Trial Employment Agreement

Memorandum Stanmar Benefit Package – 12/01/03

Blue Cross Blue Shield Enrollment and Change Form dated 12-08-03

    Delta Dental Eligibility Form dated 12-8-03

    Documents evidencing payment of Disability Pay to Patricia Cosgrove by Boston Mutual Insurance Company

    Letter dated July 8, 2003 from Phyllis Burgos to Patricia Cosgrove

    Letter from Social Security Administration evidencing payments to Patricia Cosgrove

    Change of Status form for Lauralee Taddeo dated 4/1/02

    Change of Status form for Lauralee Taddeo dated 11/05/02

    Change of Status form for Lauralee Taddeo dated 5/14/03

    Change of Status form for Lauralee Taddeo dated 10/10/03

NSRM reserves the right to supplement this exhibit list prior to trial with reasonable notice, if necessary, and to use additional exhibits for rebuttal, if necessary, at the time of trial. NSRM also reserves the right to use any exhibits on Plaintiff's exhibit list.

Respectfully submitted,

| PLAINTIFF PATRICIA COSGROVE<br><br>By her attorneys,<br><br>   s/Shannon Liss-Riordan<br>Shannon Liss-Riordan, BBO #640716<br>Hillary Schwab, BBO #(pending)<br>PYLE, ROME, LICHTEN, EHRENBERG,<br>   AND LISS-RIORDAN, P.C.<br>18 Tremont Street, Suite 500<br>Boston, MA 02108<br><br>(617) 367-7200 | DEFENDANT NEW SEABURY RESOURCES MANAGEMENT, INC.,<br><br>By its attorney,<br><br>   s/Howard I. Wilgoren<br>Howard I. Wilgoren, BBO #527840<br>6 Beacon Street, Suite 700<br>Boston, MA 02108<br><br>(617) 523-5233 |
|---|---|
| Date: November 15, 2006 | Date: November 15, 2006 |